**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NURSE NOTES, INC.,**

   **Plaintiff/Counter-Defendant,**        **CIVIL ACTION NO.  10-CV-14481**

   **VS.**        **DISTRICT JUDGE DENISE PAGE HOOD**

**ALLSTATE INSURANCE**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**COMPANY,**

   **Defendant/Counter-Plaintiff.**
   _____/

**OPINION AND ORDER DENYING DEFENDANT/COUNTER-PLAINTIFF'S MOTION
TO COMPEL WAGE INFORMATION REGARDING NURSE NOTES'
SUBCONTRACTOR THAT PROVIDE (SIC) ATTENDANT CARE SERVICES
(DOCKET NO. 18)**

     This matter comes before the Court on Defendant/Counter-Plaintiff's Motion To Compel Wage Information Regarding Nurse Notes' Subcontractor That Provide (sic) Attendant Care Services filed on April 8, 2011.  (Docket no. 18).  Plaintiff filed a Response on April 20, 2011.  (Docket no. 20).  Defendant filed a Reply on April 29, 2011.  (Docket no. 25).  The parties filed Statements of Unresolved Issues on May 17 and 18, 2011.  (Docket nos. 35, 36).  The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 23).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).  The issue being fully briefed the motion is ready for ruling.

     Plaintiff is a provider of attendant care services for Defendant's insured Chelsea Schwalbe, through her guardian Cherylann Schwalbe, and brings this action seeking to recover attendant care benefits pursuant to Michigan's No-Fault Act.  Chelsea was injured in a motor vehicle collision on September 23, 1996 which resulted in injuries including traumatic brain injury.  (Docket no. 1, 3-2).

Plaintiff alleges that Defendant has failed to pay for services provided to Chelsea by Plaintiff. Plaintiff brings claims for Tortious Interference With Business Relationship or Expectancy and seeking declaratory relief. (Docket no. 3-2). Defendant filed a counter-claim alleging that Plaintiff billed $25.00 per hour for attendant care services provided by Cherylann, which Defendant paid, and Cherylann was then paid $15.00 per hour by Plaintiff. (Docket no. 1). Defendant also alleges that it paid for services that Plaintiff billed while Chelsea was in school. Defendant alleges that these services were not rendered by Plaintiff. (Docket no. 1). Defendant brings claims for fraud, fraudulent misrepresentation, innocent misrepresentation, unjust enrichment and payment under mistake of fact. (Docket no. 1).

Defendant took the deposition of Barbara Walton, RN, on March 24, 2011. Ms. Walton is the owner of Plaintiff Nurse Notes, Inc. Ms. Walton is listed as both a fact witness and an expert witness for Plaintiff. (Docket no. 11). Plaintiff reported that Ms. Walton will testify as to "reasonableness of rates of attendant care services billed to Allstate" and "reasonableness of the rates of attendant care provided." (Docket no. 11). Defendant argues that Ms. Walton testified that the $25 per hour charged to Allstate and the $15 per hour paid to Cherylann are reasonable. (Docket no. 18). Defendant then asked Ms. Walton what she pays to her other subcontractors and her counsel refused to allow her to answer the question.

Defendant argues that the information is relevant to Plaintiff's claim that the manner in which Allstate was billed was reasonable and customary. Defendant's claims raise issues as to whether Plaintiff provided any care services to Chelsea, whether it knew it was billing for services it had not provided, and whether Plaintiff included charges that were not accurate and were in excess of the amount paid to provide those services, and that they were not "reasonable and customary" as

2

required by Mich. Comp. Laws Ann. section 500.3157. (Docket no. 1). Defendant also argues that the information is relevant to Plaintiff's claim that Defendant interfered with its business practices. Defendant argues that the information is not privileged.

The Court has considered the claims and defenses in this action. Plaintiff argues that *Watson v. State Farm Mutual Automobile Insurance Co.*, No. 09-cv-12573 (E.D.Mich. June 4, 2010) is instructive wherein it shows that the Michigan No-Fault Automobile Insurance Act, Mich. Comp. Law Ann. 500.3101, et seq., establishes the parameters of information to which an insurer is entitled.

Under Mich. Comp. Laws Ann. section 500.3158(2),

> (2) A physician, hospital, clinic or other medical institution providing, before or after an accidental bodily injury upon which a claim for . . . benefits is based, any . . . service or accommodation in relation to that or any other injury, or in relation to a condition claimed to be connected with that or any other injury, if requested to do so by the insurer against whom the claim has been made, (a) shall furnish forthwith a written report of the history, condition, treatment and dates and costs of treatment of the injured person and (b) shall produce forthwith and permit inspection and copying of the records regarding the history, condition, treatment and dates and costs of treatment.

There is a distinction in *Watson* wherein the Court noted that the non-party doctor whose fees were at issue specifically testified that "*he has no opinion regarding the reasonable rate for the care at issue* in this case." *Watson*, No. 09-cv-12573 at 14 (emphasis in original). The reasonableness of the rates is the very issue to which Plaintiff identified Ms. Walton as both a lay and expert witness. The limitation to charging a "reasonable amount" for products, services and accommodations in treating injured persons is set forth in Mich. Comp. Laws. Ann. section 500.3157. "The charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance." Mich. Comp. Laws Ann. § 500.3157.

The reasonableness of the charge is based on a comparison of *charges*. Although the charges are relevant, the wages paid to the sub-contractors who perform the services are not relevant to the issue of whether the charge to the insurer is reasonable. The information Defendant seeks is neither relevant to the claims or defenses in this matter nor within the purview of Mich. Comp. Laws Ann. sections 500.3157 and 500.3158.

The Court will deny Defendant's Motion To Compel Wage Information. Fed. R. Civ. P. 26(b)(1). The Court will make no award of attorneys fees in this matter. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

**IT IS THEREFORE ORDERED** that Defendant/Counter-Plaintiff's Motion to Compel Wage Information Regarding Nurse Notes' Subcontractor That Provide (sic) Attendant Care Services (docket no. 18) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 23, 2011                    s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: May 23, 2011                    s/ Lisa C. Bartlett
                                       Case Manager