UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NURSE NOTES, INC.,**

  **Plaintiff/Counter-Defendant,**        CIVIL ACTION NO. 10-CV-14481

  VS.        DISTRICT JUDGE DENISE PAGE HOOD

**ALLSTATE INSURANCE**        MAGISTRATE JUDGE MONA K. MAJZOUB
**COMPANY,**

  **Defendant/Counter-Plaintiff.**
_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL REGARDING INTERROGATORY PERTAINING TO ALLSTATE'S LITIGATION HISTORY (DOCKET NO. 22)

This matter comes before the Court on Plaintiff/Counter-Defendant's Motion To Compel Regarding Interrogatory Pertaining to Allstate's Litigation History filed on April 26, 2011. (Docket no. 22). Defendant/Counter-Plaintiff filed a Response on May 10, 2011. (Docket no. 30). Without leave of Court, Defendant/Counter-Plaintiff filed a Supplemental Brief on May 11, 2011. (Docket no. 32). The parties filed Statements of Unresolved Issues on May 17 and 18, 2011. (Docket nos. 35, 36). The matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 23). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The issue being fully briefed the motion is ready for ruling.

Plaintiff is a provider of attendant care services for Defendant's insured Chelsea Schwalbe, through her guardian Cherylann Schwalbe, and brings this action seeking to recover attendant care benefits pursuant to Michigan's No-Fault Act. Chelsea was injured in a motor vehicle collision on September 23, 1996 which resulted in injuries including traumatic brain injury. (Docket no. 1, 3-2). Plaintiff alleges that Defendant has failed to pay for services provided to Chelsea by Plaintiff.

Plaintiff brings claims for Tortious Interference With Business Relationship or Expectancy and seeking declaratory relief. (Docket no. 3-2). Defendant filed a counter-claim alleging that Plaintiff billed $25.00 per hour for attendant care services provided by Cherylann, which Defendant paid, and Cherylann was then paid $15.00 per hour by Plaintiff. (Docket no. 1). Defendant also alleges that it paid for services that Plaintiff billed while Chelsea was in school. Defendant alleges that these services were not rendered by Plaintiff. (Docket no. 1). Defendant brings claims for fraud, fraudulent misrepresentation, innocent misrepresentation, unjust enrichment and payment under mistake of fact. (Docket no. 1).

Plaintiff served Interrogatories on Defendant and brings this Motion seeking to compel Defendant to answer Interrogatory No. 1, which asks Defendant to provide five subcategories of identifying and claim information for any lawsuits or counter-complaints filed by Defendant in the past three years in the Counties of Oakland, Wayne, Washtenaw, Macomb, Monroe, Lenawee or Livingston against "providers of services of 'allowable expenses' pursuant to the Michigan no fault act in which you allege any type of fraud or misrepresentation by the provider." (Docket no. 22-2). Defendant objected with boiler plate objections such as vague, overly broad, unduly burdensome and irrelevant and further objected that the information is equally available to Plaintiff via a review of the public record. (Docket no. 22-2).

Plaintiff argues that the information is relevant because Defendant's "allegations of fraud and misrepresentation and unjust enrichment are frivolous, and are part of a business practice to harass and intimidate both its insureds and the providers of services." (Docket no. 22 ¶ 3). Other than citing the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Plaintiff has cited no other any legal authority for its arguments for or against production of the requested public

information related to other lawsuits, despite existing caselaw regarding the discovery of other lawsuits and public records.

Fed. R. Civ. P. 26(b) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." The question of whether the requested discovery is reasonably calculated to lead to the discovery of admissible evidence is a close question. Broad discretion is afforded to the Court in regulating discovery. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). The Court is guided by the strong, overarching policy of allowing liberal discovery. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

Although Plaintiff's interrogatory does not seek the production of pleadings, the information required by the interrogatory would require a review of the complaint or counter-complaint in each litigation matter and caselaw regarding the production of public record pleadings is instructive. "Discovery of other lawsuits is not a subject that is amenable to a *per se* rule. The Court must look to the relevance of the other suits to the particular claims at issue." *Thornton v. State Farm Mutual Auto Ins. Co.,* 2006 WL 3499986 at *2 (N.D. Ohio Dec. 5, 2006). "[W]hether pleadings in one suit are 'reasonably calculated' to lead to admissible evidence in another suit . . . depends on the nature of the claims, the time when the critical events in each case took place, and the precise involvement of the parties, among other considerations." *Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977); *Thornton*, 2006 WL 3499986 at *2. There is caselaw that supports the limited production of pleadings from other lawsuits, but "[i]t is well established that discovery need not be required of documents of public record which are equally accessible to all parties." *Securities and Exchange Comm'n v. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973).

The Court will allow filing and consideration of Defendant's concise Supplemental Response, which contains the affidavit of Jill Conkey, Litigation Specialist for Defendant assigned to adjust Plaintiff's claim.  (Docket no. 32-1).  Ms. Conkey testifies that Defendant "does not maintain its files in a manner that would allow it to answer this interrogatory without hours of work reviewing any and all complaints filed against or by Allstate in the last three years," Defendant "does not maintain a running list of any and all suits that allege fraud or misrepresentation" or "suits filed in the specific counties in Michigan" and that there would be "literally . . . thousands of complaints that will need to be reviewed" to answer Plaintiff's interrogatory.

The relevance which Plaintiff argues is speculative at best.  The information Plaintiff seeks is available in the public record and Defendant has shown by affidavit that Defendant would also bear a great burden to produce such information.  For these reasons, the Court will deny Plaintiff's Motion To Compel.  (Docket no. 22).  The Court will make no award of attorneys fees in this matter.  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel Regarding Interrogatory Pertaining To Allstate's Litigation History (docket no. 22) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

| | |
|---|---|
| Dated: May 24, 2011 | s/ Mona K. Majzoub |
| | MONA K. MAJZOUB |
| | UNITED STATES MAGISTRATE JUDGE |

## PROOF OF SERVICE

  I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: May 24, 2011        s/ Lisa C. Bartlett
               Case Manager