UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NURSE NOTES, INC.,**

  **Plaintiff/Counter-Defendant,**      **CIVIL ACTION NO.  10-CV-14481**

  **vs.**      **DISTRICT JUDGE DENISE PAGE HOOD**

**ALLSTATE INSURANCE COMPANY,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**

  **Defendant/Counter-Plaintiff.**

                            /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO STRIKE RICHARD SOBEL (sic), ESQ. AND JOHN WHITMAN, ESQ. AND FACILITATION EVIDENCE FROM NURSE NOTES/COUNTER-DEFENDANT'S WITNESS AND EXHIBIT LIST AND ADJOURN THE SCHEDULING ORDER (DOCKET NO. 13) AND GRANTING IN PART AND DENYING IN PART  PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL DISCOVERY AND/OR FOR IN CAMERA REVIEW AND MOTION TO DEEM CERTAIN REQUESTS TO ADMIT ADMITTED (DOCKET NO. 21)**

These matters come before the Court on two motions.  The first is Defendant/Counter-Plaintiff's Motion To Strike Richard Sobel (sic), Esq. And John Whitman, Esq. And Facilitation Evidence From Nurse Notes/Counter-Defendant's Witness And Exhibit List And Adjourn The Scheduling Order filed on March 18, 2011.  (Docket no. 13).  Plaintiff filed a Response In Opposition on April 7, 2011.  (Docket no. 17).  Defendant filed a Reply on April 14, 2011.  (Docket no. 19).  The second motion is Plaintiff/Counter-Defendant's Motion To Compel Discovery and/or For In Camera Review And Motion To Deem Certain Requests To Admit Admitted filed on April 22, 2011.  (Docket no. 21).  Defendant filed a Response on May 6, 2011.  (Docket no. 29).  The parties filed Statements of Unresolved Issues on May 17 and 18, 2011.  (Docket nos. 35, 36).  The

matters were referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 14, 23). The Court heard oral argument on May 25, 2011. The motions are ready for ruling.

Plaintiff is a provider of attendant care services for Defendant's insured Chelsea Schwalbe, through her guardian Cherylann Schwalbe, and brings this action seeking to recover attendant care benefits pursuant to Michigan's No-Fault Act. Chelsea was injured in a motor vehicle collision on September 23, 1996 which resulted in injuries including traumatic brain injury. (Docket no. 1, 3-2). Plaintiff alleges that Defendant has failed to pay for services provided to Chelsea by Plaintiff. Plaintiff brings claims for Tortious Interference With Business Relationship or Expectancy and seeking declaratory relief. (Docket no. 3-2). Defendant filed a counter-claim alleging that Plaintiff billed $25.00 per hour for attendant care services provided by Cherylann, which Defendant paid, and Cherylann was then paid $15.00 per hour by Plaintiff. (Docket no. 1). Defendant also alleges that it paid for services that Plaintiff billed while Chelsea was in school. Defendant alleges that these services were not rendered by Plaintiff. (Docket no. 1). Defendant brings claims for fraud, fraudulent misrepresentation, innocent misrepresentation, unjust enrichment and payment under mistake of fact. (Docket no. 1).

**I.     Defendant/Counter-Plaintiff's Motion To Strike Richard Sobel (sic), Esq. And John Whitman, Esq. And Facilitation Evidence From Nurse Notes/Counter-Defendant's Witness And Exhibit List And Adjourn The Scheduling Order (Docket no. 13).**

Defendant's Request to Adjourn the Scheduling Order was resolved by entry of a text order on the docket on May 25, 2011. Defendant also seeks to strike two witnesses from Plaintiff's Preliminary Witness List and two exhibits from Plaintiff's Preliminary Exhibit List. (Docket nos. 11, 13-1). The Schwalbe's were involved in litigation in Washtenaw county against Allstate, case no. 03-469-F, and attendant care was one of the issues of that litigation. Plaintiff Nurse Notes was

not a party to the prior Schwalbe litigation. Plaintiff Nurse Notes' counsel represented the Schwalbes in the prior litigation. The Schwalbes and Allstate entered into a settlement agreement in the prior litigation. Plaintiff Nurse Notes seeks to admit into evidence that to which Plaintiff Nurse Notes' counsel became privy in the prior litigation. Defendant argues that settlement negotiations and facilitation proceedings from the prior Schwalbe litigation are privileged, are not relevant to the instant action and are barred by the following provision in the Settlement Agreement: "The Settlement Agreement shall not be used in evidence in support of such a claim nor shall it barr such a claim." (Docket no. 13-2).

Defendant argues that the testimony of the two witnesses and the two exhibits are privileged pursuant to Fed. R. Evid. 408.

Defendant relies on FRE 408, Compromise and Offers To Compromise for the following:

(a) Prohibited uses.--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

(1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority. Fed. R. Evid. 408.

Plaintiff argues that the documents do not evidence settlement negotiations and the witnesses it seeks to present will offer evidence that is permitted pursuant to FRE 408 as follows:

(b) Permitted uses.--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay;

and proving an effort to obstruct a criminal investigation or prosecution. Fed. R. Evid. 408(b).

Plaintiff listed Richard Soble, Esq., the facilitator in the prior Schwalbe case, as a witness to "testify about what occurred at the facilitation on April 10, 2006 that settled the prior action, including Defendant Allstate's adjuster and attorney's actual knowledge and concurrence in regards to Cherylann Schwalbe being retained by a nursing service to provide attendant care to Chelsea Schwalbe." (Docket nos. 11, 13-1). Plaintiff argues that in arriving at the settlement, Cherylann Schwalbe relied on certain statements and representations of Allstate's counsel, and upon which Plaintiff can also rely.

Plaintiff listed John Whitman, Esq., attorney for Defendant Allstate in the prior Schwalbe case, as a witness in this action, to testify about events at the facilitation which settled the first lawsuit, including Defendant's "knowledge and consent, explicit and implicit, that Cherylann Schwalbe would be retained as a subcontractor/independent contractor by a nursing agency, through which services would thereafter be provided to Chelsea." (Docket nos. 11, 13-1).

Plaintiff argues that Defendant must prove that Plaintiff made representations that Plaintiff knew were false and that Defendant's reliance on the alleged representations was reasonable. Plaintiff argues that Plaintiff's defenses rely on Plaintiff's and Allstate's state of mind, intent, knowledge and notice. Plaintiff argues that it understood that pursuant to the prior facilitation/settlement agreement, Cherylann Schwalbe needed someone to submit invoicing and deal with Allstate and that Cherylann could work as a subcontractor for such a service, including that the service could charge $25 per hour and pay Cherylann $15 per hour.

Plaintiff has provided several cases where evidence pertaining to settlement negotiations or compromise of claims was admitted for purposes other than those set forth in Fed. R. Evid. 408. Although the Michigan state court cases cited by Plaintiff are not binding on this Court, Michigan Rule of Evidence 408 is nearly identical to Rule 408 of the Federal Rules of Evidence and the Court finds Plaintiff's cases persuasive. *See* Mich. R. Evid. 408 and Comments (2011); *Gass v. Marriott Hotel Services, Inc.*, 558 F.3d 419, 425-426 (6th Cir.2009) (citing *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir.2002)) ("[U]nder *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 . . . (1938), federal law governs procedural issues, including evidentiary rulings made pursuant to the Federal Rules of Evidence."); *see also Croskey v. BMW of North America, Inc.*, 532 F.3d 511, 517 n. 3 (6th Cir.2008) ("while state law governs substantive issues in diversity suits, federal law applies to procedural matters. The Federal Rules of Evidence constitute procedural rules. Therefore, except in limited circumstances not applicable herein, federal courts properly apply the Federal Rules of Evidence when ruling on the admissibility of evidence. In this case, however, both Michigan and federal law point to the same result.") (internal citations omitted)."

The most closely analogous of the cases Plaintiff cited is *Gorman v. Sniderman*, 328 N.W.2d 119 (Mich. App. 1982), in which the plaintiffs were partners who alleged that another of their partners, defendant's decedent, fraudulently induced them to enter into a consent judgment. The court allowed testimony about defendant's decedent's statements that he did not intend to sell the property which was part of the settlement agreement. Like *Gorman*, the claims to which the Settlement Agreement related were claims made by the satisfied party Schwalbe in the prior action and Plaintiff does not seek to introduce the evidence to prove those claims, but to defend against claims of fraud, misrepresentation and mistake in the instant action. Plaintiff's brief and Plaintiff's

counsel's statements at the hearing show that Plaintiff seeks to depose these witnesses and introduce this information for reasons other than those uses prohibited by Fed. R. Evid. 408. The Court should consider the testimony at the hearing, and it appears Plaintiff has shown that it seeks to admit the testimony for purposes other than those precluded by FRE 408. This finding is not intended to raise issues of attorney-client privilege where Plaintiff's counsel seeks testimony about what transpired when Plaintiff's counsel was also in the room, which communications are certainly not subject to attorney-client privilege.

Defendant moves to strike the documents listed at 2(f) of Plaintiff's Preliminary Exhibit List (Docket nos. 11, 13-1). Subpart 2(f) identifies correspondence from Karen Magdich to Nurse Notes, Inc. dated September 21, 2010 and March 30, 2010. Karen Magdich is outside counsel for Allstate who became involved in this matter sometime in the summer of 2009. Defendant argues that these letters are privileged "as they solely reflect settlement negotiations pursuant to FRE 408(a)(2)" and should be stricken. Plaintiff argues that the letters are nothing more than threats and demands for payment.

The letters are not labeled confidential or "settlement" communications or otherwise indicate any intent to act as a settlement negotiation. Both letters pre-date the filing of this action and post-date the settlement of the prior action. The letter of September 21, 2010 ends by stating "If we do not hear from you we will be forced to go forward and file suit." (Docket no. 17-7). There is no indication in either letter that these documents reflect settlement negotiations and Defendant's motion should be denied as to these two letters listed at 2(f) of Plaintiff's Preliminary Exhibit List.

Defendant's motion to strike these two documents appears to be without a legal or factual basis and will be denied[1].

Defendant moves to strike documents listed at 4(e) of Plaintiff's Preliminary Witness List (Docket nos. 11, 13 ¶19, 13-1).  Defendant identifies "4(e) as "documents pertaining to the resolution of the Schwalbe v. Allstate action."  (Docket no. 13 p. 12).  In fact, Exhibit 4(e) is "Documents filed by the parties in circuit court."  (Docket no. 11, 13-1).  In its Responses, Plaintiff addressed 4(d) "Deposition transcripts taken in that action."  Defendant has not briefed either issue, other than to cite FRE 408.  Due to both Defendant's failure to clearly identify the documents at issue and the failure to show that these documents should be stricken, the Court will deny Defendant's request as to either the "documents pertaining to the resolution of the Schwalbe v. Allstate action" or 4(e), documents filed by the parties in circuit court.

## II.     Plaintiff/Counter-Defendant's Motion To Compel Discovery and/or For In Camera Review And Motion To Deem Certain Requests To Admit Admitted

Plaintiff alleges Defendant's discovery requests are deficient, seeks to compel discovery and asks the Court to engage in an in camera review of Defendant's allegedly privileged documents.  The Court has reviewed the two versions of Defendant's privilege log which were submitted with the pleadings prior to the hearing and an updated privilege log dated May 14, 2011 which was submitted to the Court at the hearing.

Defendant's Privilege Log is insufficient and fails to meet Fed. R. Civ. P. 26(b)(5), which requires that a party withholding information by claiming it is privileged or subject to protection as trial preparation material must "expressly make the claim" and "describe the nature of the

---

[1] Defendant's reference to 2(g) in it's prayer for relief appears to be a typo where no issue regarding 2(g) was briefed.  (Docket no. 13 p. 15).

documents, communications or tangible things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The Court declines to engage in an in camera review of Defendant's privileged documents. Defendant's privilege log contains only the following information: Date, page numbers, the privilege asserted (without supporting detail) and a generic description.

Defendant's privilege log does not show that the documents are subject to protection. The Court will order Defendant to submit a detailed privilege log within fourteen days of entry of this order, including such additional information necessary to weigh the claims of privilege or protection, including but not limited to: Identifying the authors of each document and all recipients, more detailed descriptions as to which litigation it relates, the format of document (email, letter, attachments, etc.) and the basis of the privilege or protection. Defendant is reminded to be judicious in alleging privilege or protection. In light of the boilerplate objections and unsupported privileges asserted in response to some of Plaintiff's discovery thus far, if the documents on the privilege log require an in camera review on this issue, Defendant will be sanctioned for each and every document for which the Court determines there was no basis for asserting a privilege or protection.

Despite Defendant's boilerplate objections to the contrary, Interrogatory Nos. 2, 3, 4, 6, 7 and 9 are relevant to the claims and defenses in this action. Interrogatory No. 2 is overly broad in asking for all employees involved in handling the file since January 1, 2003 and will be limited to "since April 1, 2006" when the prior action against Allstate was resolved.

Defendant's answer to Interrogatory No. 2 is incomplete and the Court will order Defendant to serve an amended answer in full to Interrogatory No. 2. For example, in Interrogatory No. 2,

Defendant lists only one "primary claims handler", does not state whether this is the only person involved in the claim and does not state whether the handler, Diane Smith, is still employed with Allstate. Defendant's answers to Interrogatory Nos. 3, 4, 6, 7 and 9 are not responsive and the objections are without merit. The Court will order Defendant to serve amended answers to these as well. Interrogatory No. 10 is not relevant and the Court will deny Plaintiff's motion as to Interrogatory No. 10.

Plaintiff asks the Court to deem the following Requests to Admit admitted for failure to answer: 49, 51-58. Fed. R. Civ. P. 36(a)(4) provides that "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

Defendant's answers to the following Requests to Admit do not comply with Rule 36: Request to Admit Nos. 49, 51, 52, 53, 54, 55, 56. Defendant's answer to Request To Admit No. 49 is not responsive to the Request. Not only do Requests to Admit Nos. 51-56 fail to comply with Rule 36, they list only boiler plate objections and/or the unsupportable objection that the information is protected by Fed. R. Evid. 408. Plaintiff has not provided, and counsel admits it does not have, legal authority to support its pervasive argument that Fed. R. Evid. 408 protects from disclosure

9

information related to a settlement or settlement conference including whether and when a settlement conference occurred, whether the matter settled and the identity of attendees at a settlement conference or mediation. The Court will deem admitted Requests to Admit Nos. 49, 51, 52, 53, 54, 55, and 56 where Defendant's answers are noncompliant, lacking in good faith and the objections utterly devoid of legal support.

Plaintiff's Request to Admit No. 57 is compound and does not comply with Rule 36(a)(2) which requires each matter to "be separately stated." Defendant's answer to Request To Admit No. 58 is substantively "Admit" and is responsive, despite the additional information provided. The Court will Deny Plaintiff's motion as to Request to Admit Nos. 57 and 58.

Plaintiff seeks to compel documents responsive to Request to Produce Nos. 2, 4, 5, 6, 7, 10, 11 and 12. Plaintiff asks the Court to compel Defendant to produce a full and complete unredacted copy of the no-fault file, including claims log and payment log. The Requests to Produce at issue are all relevant. Fed. R. Civ. P. 26(b)(1). Plaintiff has properly limited its request for the complete no fault file (Request to Produce No. 2) to the relevant time from April 20, 2006 (following resolution of the Schwalbe case) to present. Fed. R. Civ. P. 26(b)(1).

Request to Produce Nos. 2, 4 and 5 will be addressed by the amended privilege log. With respect to Request to Produce No. 5 Defendant will also amend its response to identify by Bates numbers the specific responsive documents.

Defendant's answers to Request to Produce Nos. 6 and 7 are not responsive and convey no information about whether such documents exist. No objections are cited in response to either and are therefore waived. Defendant's response to Request to Produce No. 6 references the prior Request

No. 5, and Request No. 5 has to do with different documents. Similarly, Request to Produce No. 7 references Interrogatory No. 5. Neither response complies with Fed. R. Civ. P. 34(b)(2)(B) and (C).

Request to Produce No. 10 asks for correspondence between MCCA and Defendant Allstate and is relevant to knowledge. Defendant is ordered to produce responses in full to Request To Produce No. 10. Request to Produce No. 11 asks for correspondence reflecting that Allstate repaid MCCA for amounts Defendant Allstate deducted from attendant care payments made to Cherylann in 2010, claiming it had overpaid due to Chelsea being in school. Request to Produce No. 12 asks for copies of checks showing reimbursement from Allstate to MCCA. Plaintiff has not established the relevance of the payments and Plaintiff's motion will be denied as to Request to Produce Nos. 11 and 12.

### III.  The Parties' Requests For Award Of Attorneys Fees

The Court will make no award of attorneys fees in either of these matters where some of the discovery requests did not comply with the Federal Rules of Civil Procedure and, similarly, some of the parties' answers, responses and objections did not comply with the requirements of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

**IT IS THEREFORE ORDERED** that Defendant/Counter-Plaintiff's Motion To Strike Richard Sobel (sic), Esq. And John Whitman, Esq. And Facilitation Evidence From Nurse Notes/Counter-Defendant's Witness And Exhibit List (docket no. 13) is DENIED.

**IT IS THEREFORE ORDERED THAT** Plaintiff/Counter-Defendant's Motion To Compel Discovery and/or For In Camera Review And Motion To Deem Certain Requests To Admit Admitted (docket no. 21) is GRANTED in part as follows:

1. Defendant will serve within 14 days of entry of this Order full amended answers to Interrogatory Nos. 2, 3, 4, 6, 7 and 9. Interrogatory No. 2 is limited to the time period "since April 1, 2006";

2. Plaintiff's Requests to Admit Nos. 49, 51, 52, 54, 55 and 56 are deemed ADMITTED pursuant to Fed. R. Civ. P. 36(a)(6);

3. Defendant will produce and served within 21 days of entry of this Order an amended detailed privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A) and as set forth herein, which includes each and every document to which Defendant asserts a privilege by either withholding the document *or* redacting a portion of the document;

4. Defendant will produce and serve within 21 days of entry of this Order an amended response to Request to Produce No. 5 which will identify by Bates number(s) the specific responsive documents; and

5. Defendant will produce and serve within 21 days of entry of this Order full responsive documents without objections to Request to Produce Nos. 6, 7 and 10.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (docket no. 21) is DENIED as to Interrogatory No. 10, Request to Produce Nos. 11 and 12 and Request to Admit Nos. 57 and 58. Plaintiff's request for in camera review of Defendant's documents is denied without prejudice.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 2, 2011                     s/ Mona K. Majzoub

                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 2, 2011                      s/ Lisa C. Bartlett
                                            Case Manager