UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NURSE NOTES, INC.,**

    **Plaintiff,**

                                        Case No. 10-14481
v.                                      Honorable Denise Page Hood

**ALL STATE INSURANCE COMPANY,**

    **Defendant.**

_____/

## ORDER REGARDING OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS

**I.    BACKGROUND**

This matter is before the Court on several Objections to Magistrate Judge Mona K. Majzoub's Orders by the Defendant Allstate Insurance ("Allstate"). Allstate's first objection [Docket No. 48] is in regards to a May 23, 2011 Order [Docket No. 40] denying Allstate's Motion to Compel Nurse Notes' income taxes [Docket No. 26] filed by Allstate on April 29, 2011. A response by Nurse Notes [Docket No. 34] was filed on May 13, 2011. The parties filed their respective Statements of Unresolved Issues on May 17 and 18, 2011 [Docket No. 35, 36]. A reply was filed by Allstate [Docket No. 38] on May 20, 2011. Nurse Notes also filed a response [Docket No. 53] on June 16, 2011 in opposition to Allstate's Objections to the Magistrate Judge's May 23, 2011 Order.

Allstate's second objection [Docket No. 49] is in regards to a May 23, 2011 Order [Docket No. 39] denying Allstate's Motion to Compel wage information regarding Nurse Notes' Subcontractor [Docket No. 18] filed by Allstate on April 8, 2011. A response by Nurse Notes [Docket No. 20] was filed on April 20, 2011. A reply was filed by Allstate [Docket No. 25] on

April 29, 2011. The parties filed their respective Statements of Unresolved Issues on May 17 and 18, 2011 [Docket No. 35, 36]. Nurse Notes also filed a response [Docket No. 54] on June 16, 2011 in opposition to Allstate's Objections to the Magistrate Judge's May 23, 2011 Order.

Allstate's third objection [Docket No. 51] is in regards to a June 2, 2011 Order [Docket 45] denying in part Allstate's Motion to Strike [Docket No. 13] filed by Allstate on March 18, 2011 and granting in part and denying in part Nurse Notes' Motion to Compel Discovery [Docket No. 21] filed on April 22, 2011. A response by Nurse Notes to Allstate's Motion to Strike [Docket No. 17] was filed on April 7, 2011. A reply was filed by Allstate [Docket No. 19] on April 14, 2011. A response by Allstate to Nurse Note's Motion to Compel Discovery [Docket No. 29] was filed on May 6, 2011. The parties filed their respective Statements of Unresolved Issues on May 17 and 18, 2011 [Docket No. 35, 36].

Plaintiff, Nurse Notes, is owned and operated by Barbara Walton. Nurse Notes is a provider of attendant care services for Defendant Allstate's insured, Chelsea Schwalbe ("Chelsea"), through Chelsea's mother, Cherylann Schwalbe ("Cherylann"). Cherylann was an alleged subcontractor of Nurse Notes, and was the sole attendant care provider to Chelsea.

Plaintiff brings this action seeking to recover attendant care benefits pursuant to Michigan's No-Fault Act. Chelsea was injured in a motor vehicle collision on September 23, 1996 which resulted in injuries including traumatic brain injury. Nurse Notes alleges that Allstate has failed to pay for services provided to Chelsea by Nurse Notes. Plaintiff brings claims for Tortious Interference With Business Relationship or Expectancy and is seeking declaratory relief.

Defendant filed a counter-claim alleging that Plaintiff billed $25 per hour for attendant

care services provided by Cherylann, which Allstate paid, and that Cherylann was then paid $15 per hour by Nurse Notes. Defendant also alleges that it paid for services that Nurse Notes billed while Chelsea was in school. In addition, Defendant alleges that these services were not rendered by Nurse Notes. Allstate brings claims for fraud, fraudulent misrepresentation, innocent misrepresentation, unjust enrichment, and payment under mistake of fact.

## II. APPLICABLE LAW

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). Any appeal of or objections to a magistrate judge's order must be made within 14 days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Objections that are only general and are not specific waive the right to appeal. *See Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991).

In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992). "If two permissible views exist, a magistrate judge's decision cannot be 'clearly erroneous.'" *Hennigan v. Gen. Elec. Co.*, 2010 WL 4179376 *2 (E.D. Mich.

Oct. 20, 2010) (unpublished). Rule 72(a) provides considerable deference to the determinations of magistrate judges. *In re Search Warrants*, 889 F.Supp. 296, 298 (S.D. Ohio 1995).

### III. ANALYSIS

#### A. Allstate's Motion to Compel Nurse Notes' Income Taxes

Allstate, in its Motion, asks the Court to compel Nurse Notes to produce its income tax returns, including all schedules, for the years 2007 through 2010. Defendant argues that the tax returns are relevant and discoverable.

Local Rule 37.2 states that "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." E.D. Mich. LR 37.2. Under Rule 37(a)(3) of the Federal Rules of Civil Procedure, a motion to compel may only be made if the non-moving party failed to answer or respond to a proper discovery request. Fed. R. Civ. P. 37(a)(3).

The Magistrate Judge's May 23, 2011 Order found that since Allstate never alleged it requested the tax returns by way of a discovery request pursuant to the Federal Rules of Civil Procedure, nor did Allstate include a verbatim recitation or copy of the discovery request at issue as required by LR37.2 in filing a discovery motion, that the court need not reach the issue of the relevance of the tax returns. Order at 1. The Magistrate Judge further held that Defendant has not shown that Plaintiff failed to answer to respond to a proper discovery request for the tax returns. Order at 1-2.

The Magistrate Judge's findings are not clearly erroneous. Defendant failed to follow

both the local rules of the Eastern District of Michigan and the Federal Rules of Civil Procedure. Furthermore, Rule 34(b)(2) of the Federal Rules of Civil Procedure provides the non-moving party with 30 days after being served to respond. Fed. R. Civ. P. 34(b)(2). In this case, Defendant first filed the request for production of the tax returns on April 28, 2011. Rather than allowing Plaintiff's the full 30 days to respond, Defendant immediately filed a Motion to Compel the following day on April 29, 2011. Therefore, Defendant's Motion to Compel Nurse Notes' income taxes was premature at the time it was filed.

      **B.**     **Allstate's Motion to Compel Wage Information**

Allstate, in its Motion, asks the Court to compel Nurse Notes to produce wage information regarding Nurse Notes' subcontractors that provide attendant care services. Defendant argues that the information is relevant to Plaintiff's claim that the manner in which Allstate was billed was reasonable and customary as required by MCL § 500.3157. Defendant also argues that the information is relevant to Plaintiff's claim that Defendant interfered with its business practices. Defendant maintains that the information is not privileged.

MCL § 500.3107(1)(a) provides that "[e]xcept as provided in subsection (2), personal protection insurance benefits are payable for the following: (a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation." Mich. Comp. Laws. Ann, § 500.3107. The limitation to charging a "reasonable amount" for products, services, and accommodations in treating injured persons is provided under MCL § 500.3157, which states that "[t]he charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance." Mich. Comp. Laws. Ann, § 500.3157.


MCL § 500.3158(2), dealing with information to which an insurer is entitled, provides:

> A physician, hospital, clinic or other medical institution providing, before or after an accidental bodily injury upon which a claim for . . . benefits is based, any . . . service or accommodation in relation to that or any other injury, or in relation to a condition claimed to be connected with that or any other injury, if requested to do so by the insurer against whom the claim has been made, (a) shall furnish forthwith a written report of the history, condition, treatment and dates and costs of treatment of the injured person and (b) shall produce forthwith and permit inspection and copying of its records regarding the history, condition, treatment and dates and costs of treatment.

Mich. Comp. Laws. Ann, § 500.3157.

The Magistrate Judge's May 23, 2011 Order found that the information Allstate seeks is neither relevant to the claims or defenses in this matter nor within the purview of MCL §§ 500.3157 and 500.3158. Order at 4.

The Magistrate Judge's findings are not clearly erroneous. The reasonableness of the charge, pursuant to MCL § 500.3157, is based on a comparison of charges. Therefore, the wages paid to Nurse Notes' other sub-contractors who perform the attendant care services are not relevant to the issue of whether the amount actually charged to Allstate is reasonable.

    **C.    Allstate's Objections to the Magistrate Judge's June 2, 2011 Order**

        **1.    Allstate's Motion to Strike from Plaintiff's Witness and Exhibit List**

Allstate requests to strike the testimony of Richard Soble and John Witman and facilitation evidence from Plaintiff's Witness and Exhibit List. The Schwalbes were involved in prior litigation against Allstate, to which Plaintiff was not a party. However, Plaintiff's counsel represented the Schwalbes' in the prior litigation, in which the Schwalbes and Allstate entered into a settlement agreement. Defendant argues that settlement negotiations and facilitation

proceedings from the prior litigation are privileged, are not relevant to the instant action, and are barred by a provision of the settlement agreement.  In addition, Defendant argues that the testimony of the two witnesses are privileged pursuant to Rule 408 of the Federal Rules of Evidence.  Defendant moves to strike the documents listed in Plaintiff's Exhibit List, including certain letters that are alleged to be privileged, and documents listed in Plaintiff's Witness List, including documents pertaining to the resolution of the Schwalbe v. Allstate litigation.

Rule 408, dealing with prohibited and permitted uses of compromises and offers to compromise, provides:

> (a) Prohibited Uses.--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) Permitted Uses.--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a).  Examples of permissible purposes including proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

The Magistrate Judge's June 2, 2011 Order found that the court should consider the testimony of Soble and Witman at the hearing.  Order at 6.  This finding is not clearly erroneous because Plaintiff is seeking to admit the testimony for purposes other than those precluded by FRE 408, satisfying the requirement of permissive use under FRE 408.  Plaintiff seeks only to

introduce the evidence to defend against claims of fraud, misrepresentation, and mistake in the instant case. The Magistrate Judge found that Defendant's motion to strike the letters from Plaintiff's Exhibit List appear to be without a legal or factual basis and are denied. *Id*. at 7. This finding is not clearly erroneous, as the letters were not labeled confidential or settlement communications by the Defendant. The letters did not indicate that the letters contained settlement negotiations. The Magistrate Judge denied Defendant's request to strike the documents pertaining to the resolution of the *Schwalbe v. Allstate* action and documents filed by the parties in circuit court. Order at 7. This finding is not clearly erroneous, as the Defendant has not briefed either issue, other than to cite FRE 408, to demonstrate why these documents should be stricken.

> **2.    Nurse Notes' Motion to Compel Discovery and Motion to Deem Certain Requests to Admit Admitted**

Nurse Notes alleges that Allstate's discovery requests are deficient. Nurse Notes seeks to compel discovery, and asks the court to engage in an in camera review of Allstate's allegedly privileged documents. Nurse Notes, in a separate motion, asks the court to compel Allstate to amend answers to certain interrogatories and deem certain requests to admit as admitted. Plaintiff also seeks to compel documents responsive to certain Requests to Produce.

Rule 26(b)(5) of the Federal Rules of Civil Procedure provides:

> (A) *Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> > (i) expressly make the claim; and
> >
> > (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected,

> will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5). Rule 36(a)(4) provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

The Magistrate Judge reviewed two versions of Allstate's privilege log, which were submitted with the pleadings prior to the hearing and an updated log which was submitted at the hearing. The Magistrate Judge's June 2, 2011 Order found that Allstate's privilege log was insufficient, failing to meet the requirements of Rule 26(b)(5). Order at 7-8. The Magistrate Judge also declined to engage in an in camera review of Allstate's privileged documents, while ordering Allstate to submit a detailed privilege log, including information necessary to weight the claims of privilege or protection. *Id*. at 8. The Magistrate Judge's findings are not erroneous. Allstate's privilege log does not meet the requirements of Rule 26(b)(5), as Allstate only provided the date, page numbers, the privilege asserted without any supporting detail, and a generic description. A more detailed privilege log will conserve judicial resources by allowing Nurse Notes to determine why Allstate is claiming privilege or protection, and to only seek in camera review for the documents that have no basis for asserting a privilege or protection.

The Magistrate Judge's June 2, 2011 Order also found that Interrogatory Nos. 2, 3, 4, 6, 7, and 9 are relevant to the claims and defenses in this action, ordering Allstate to submit amended answers to these interrogatories. *Id*. at 8-9. The Magistrate Judge also found that Interrogatory No. 10 is not relevant, denying Plaintiff's motion as to that interrogatory. The Magistrate Judge's findings are not erroneous, as Defendant's answers to Plaintiff's interrogatories are not responsive and Allstate's objections are without merit.

The Magistrate Judge's June 2, 2011 Order also deemed as admitted Requests to Admit Nos. 49, 51, 52, 53, 54, 55, and 56, and denied Plaintiff's motion as to Request to Admit Nos. 57 and 58. *Id*. at 10. The Magistrate Judge's findings are not clearly erroneous, as Allstate's answers to Request to Admit Nos. 49, 51, 52, 53, 54, 55, and 56 were noncompliant pursuant to Rule 36, and the Magistrate Judge has the discretion under the rule to deem noncompliant answers as admitted.

The Magistrate Judge's June 2, 2011 Order also found that Request to Produce Nos. 2, 4, 5, 6, 7, and 10 are all relevant pursuant to Rule 26(b)(1), while finding that Request to Produce Nos. 11 and 12 are not relevant. After reviewing the Magistrate Judge's reasoning, the Magistrate Judge's findings on the Requests to Produce are not clearly erroneous.

### IV.   CONCLUSION

For the reasons set forth above and in the Magistrate Judge's Orders, the findings of the Magistrate Judge are affirmed.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Order Denying Defendant's Motion to Compel Income Tax Information [Docket No. 40] is **AFFIRMED** and the Objection to the

Order on the Motion to Compel [Docket No. 48] is **OVERRULED AND DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Order Denying Defendant's Motion to Compel Wage Information [Docket No. 39] is **AFFIRMED** and the Objection to the Order on the Motion to Compel [Docket No. 49] is **OVERRULED AND DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Order Denying In Part Defendant's Motion to Strike [Docket No. 13] and Granting in Part and Denying In Part Plaintiff's Motion to Compel Discovery And/Or For In Camera Review and Motion to Deem Certain Requests to Admit Admitted [Docket No. 21] is **AFFIRMED** and the Objection to the Order on the Motion to Compel [Docket No. 51] is **OVERRULED AND DENIED**.

<div style="text-align: right;">
s/Denise Page Hood  
Denise Page Hood  
United States District Judge
</div>

Dated: August 31, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2011, by electronic and/or ordinary mail.

<div style="text-align: right;">
s/LaShawn R. Saulsberry  
Case Manager
</div>