UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NURSE NOTES, INC.,**

    Plaintiff,

v.                                          Case No. 10-14481
                                                    Honorable Denise Page Hood

**ALLSTATE INSURANCE COMPANY,**

    Defendant.

_____/

**OPINION AND ORDER REGARDING VARIOUS MOTIONS FILED BY THE PARTIES**

**I.  BACKGROUND**

Defendant Allstate Insurance Company ("Allstate") removed the action to this Court on November 10, 2010 from Washtenaw County Circuit Court.  On October 8, 2010, Plaintiff Nurse Notes, Inc. ("Nurse Notes") filed a Complaint against Allstate alleging: Breach of Contract Claim (Count I); Tortious Interference with Business Relationship or Expectancy (Count II); and, Declaratory Relief (Count III).  On November 9, 2010, Allstate filed a Counterclaim against Nurse Notes alleging: Fraud (Count I); Fraudulent Misrepresentation (Count II); Innocent Misrepresentation (Count III); Unjust Enrichment (Count IV); and, Payment Under Mistake of Fact (Count V).

Chelsea Schwalbe was insured with Allstate on September 23, 1996 when she was involved in a motor vehicle accident as an occupant and suffered bodily injuries.  (Comp., ¶¶ 6, 8)  The automobile insurance policy issued by Allstate under Michigan's No-Fault Insurance Act, M.C.L.A. 500.3101 *et seq.,* provided that Allstate was obligated to pay certain expenses or losses if the insured sustained bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle  (Comp., ¶¶ 6, 7)  As a result of her injuries, Chelsea Schwalbe is now a legally disabled

adult and continues to require attendant care services. (Comp., ¶ 9) Cherylann Schwalbe, guardian of Chelsea Schwalbe, contracted with Nurse Notes to provide attendant care services to Chelsea Schwalbe. (Comp., ¶ 9) Nurse Notes alleges that Allstate has failed to properly pay for services provided to Chelsea Shwalbe, by and through Nurse Notes, Inc., and it is expected Allstate will further refuse to pay the same. (Comp., ¶ 10)

The Counter Complaint alleges that Allstate has been paying under the No-Fault Act, including attendant care services for Chelsea Schwalbe. (Counter Comp., ¶ 6) At all times relevant to this litigation, Cherylann Schwalbe has been the primary care giver for her daughter, Chelsea Schwalbe. (Counter Comp., ¶ 9) Through December 2007, Allstate paid attendant care services to Cherylann Schwalbe at the rate of $15.00 per hour. (Counter Comp., ¶ 12) Beginning in January 2008 through December 2009, Nurse Notes billed Allstate as if Nurse Notes was providing attendant care services to Chelsea Schwalbe at a rate of $25.00 per hour, for a total of 11,658 hours in the amount of $116,580.00. (Counter Comp., ¶¶ 13-16) Nurse Notes is owned and operated by Barbara Walton. (Counter Comp., ¶ 5)

Allstate learned that Cherylann Schwalbe was actually providing the attendant care services to Chelsea Schwalbe, not Nurse Notes, and sought restitution from Nurse Notes in the amount of $116,580.00. (Counter Comp., ¶¶ 17, 20) Both Nurse Notes and Cherylann Schwalbe, separately, continue to submit invoices to Allstate for the same attendant care services to Chelsea Schwalbe. (Counter Comp., ¶¶ 22-23) Allstate claims Nurse Notes submitted invoices to Allstate between July 2009 and December 2009 for hours while Chelsea Schwalbe was attending school. (Counter Comp., ¶ 25) In August 2010, Cherylann began submitting invoices for attendant cares services directly to Allstate at a rate of $15.00 per hour and Allstate has continued to pay Cherylann directly for her

services. (Counter Comp., ¶ 32)

This matter is before the Court on the following motions: 1) Nurse Notes' Motion to Dismiss and for Summary Judgment as to Allstate's Counterclaim; 2) Allstate's Motion for Summary Judgment; and, 3) Michigan Catastrophic Claims Association's Motion for Leave to File *Amicus* Brief in support of Allstates' response to Nurse Notes' Motion to Dismiss. Responses and replies have been filed to the various motions. A hearing was held on the matter. The Court granted the MCCA's Motion for Leave to File *Amicus* Brief on the record.

An Order voluntarily dismissing the Counter Complaint was entered on March 19, 2012. Given the dismissal of Allstate's Counter Complaint, Nurse Notes' Motion to Dismiss and for Summary Judgment as to Allstate's Counter Complaint is rendered moot, along with Nurse Notes' recent Motion for Summary Judgment on Allstate's Counter Complaint filed February 2, 2012. Allstate's Motion for Summary Judgment as to Nurse Notes' Complaint is addressed below.

## II.   ANALYSIS

### A.   Summary Judgment Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent

must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B.     Breach of Contract (Count I)

Allstate asserts that it is entitled to summary judgment on Nurse Notes' Breach of Contract claim because Allstate had no contract with Nurse Notes. In response, Nurse Notes does not address the breach of contract argument raised by Allstate, but argues that under the no-fault statute, Nurse Notes is entitled to a reasonable and customary charge as a nursing agency that hires people, who in turn then provide attendant care services to its clients. Nurse Notes in its factual summary asserts that there was a Settlement Agreement in a case before the Washtenaw County Circuit Court between Cherylann Schwalbe, as next friend of Chelsea Schwalbe, against Allstate. However, that Settlement Agreement provided no-fault benefits only until March 31, 2006. (Ex. A, Nurse Notes' Br.) Any assertions by Nurse Notes that Allstate breached this Settlement Agreement is without merit since the Agreement does not cover claims beyond March 31, 2006 and Nurse Notes is not a party to that agreement.

A plaintiff must establish the following to state a breach of contract claim: 1) that the parties

4

entered into a valid enforceable contract that included the terms and conditions claimed by plaintiff; 2) that the defendant breached the contract; and, 3) that the defendant's breach caused a loss to the plaintiff. *Platsis v. E.F. Hutton & Co.*, 642 F.Supp. 1277 (W.D. Mich. 1986); *Pittsburgh Tube Co. v. Tri-Bend, Inc.*, 185 Mich. App. 581 (1990). In Michigan, the paramount goal when interpreting a contract is to give effect to the intent of the contracting parties. *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63-64 (2000). The court is to read the agreement as a whole and attempt to apply the plain language of the contract itself. *Id.* If the intent is clear from the language of the contract itself, there is no place for further construction or interpretation of the agreement. *Farm Bureau Mut. Ins. Co. v. Nikkel*, 460 Mich. 558, 566 (1999). A contract provision that is clear and unambiguous must be "taken and understood in [its] plain, ordinary, and popular sense." *Mich. Mut. Ins. Co. v. Dowell*, 204 Mich. App. 81 (1994). Unambiguous contract provisions are not subject to interpretation and must be enforced as written. *Id*.

Nurse Notes has not shown it has a contract with Allstate to provide services. The agreement is between Chelsea Schwalbe and Allstate. Nurse Notes cannot establish a breach of contract claim between it and Allstate. Nurse Notes' breach of contract claim against Allstate is dismissed.

### C. Tortious Interference of Business Relationship (Count II)

Allstate argues that Nurse Notes cannot make a *prima facie* case for tortious interference in a business contract since Allstate's motivations were consistent with a legitimate business decision. Allstate asserts that under the No-Fault Act, an insurance company is only responsible for services that are reasonable and for services actually incurred. M.C.L. § 500.3107(a)(1). Since Allstate's investigation revealed that Chelsea Schwalbe's care giver, Cherylann Schwalbe, was not an

5

employee of Nurse Notes, Allstate's payment to Nurse Notes was discontinued.[1]  Allstate instead directly paid Cherylann Schwalbe for attendant care.

Nurse Notes responds that it requires depositions of several adjusters in order to determine what Allstate's thinking was when it made the determination to stop paying Nurse Notes.

To establish a claim for tortious interference of a business relationship in Michigan, a plaintiff must show: 1) the existence of a valid business relationship or expectancy; 2) knowledge of the relationship or expectancy on the part of the defendant; 3) intentionally causing or inducing a breach or termination of the relationship or expectancy; and 4) resultant actual damage.  *BPS Clinical Laboratories v. Blue Cross & Blue Shield of Michigan,* 217 Mich. App. 687, 698-99 (1997). A plaintiff is required to allege that a defendant acted with malice and the actions were unjustified in law for the purpose of invading the contractual rights or business relationship of another. *Feldman v. Green,* 138 Mich. App. 360 (1984). A plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive or interference.  *BPS Clinical,* 217 Mich. App. at 699.  Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference.  *Id.*

Allstate submitted the deposition of Cherylann Schwalbe who testified that Barb Walton of Nurse Notes never provided attendant care services to Chelsea Schwalbe.  (Cherylann Schwalbe Dep., p. 34)  Nurse Notes has not submitted any evidence to create a genuine issue of material fact that Allstate's actions of discontinuing payment to Nurse Notes was not a legitimate business reason

---

[1] Cherylann Schwalbe signed a subcontractor agreement with Nurse Notes on February 13, 2008. (Doc. No. 47, Resp., Ex. D)  Nurse Notes submitted invoices to Allstate in 2008 through 2009 for attendant care services provided by Cherylann Schwalbe as subcontractor. (Doc. No. 27, Mot., Ex. D, Req. for Adm. Resp.)  Cherylann Schwalbe began submitting the attendant care affidavit directly to Allstate in July 2010 after she had not been paid for six months.  (Doc. No. 27, Mot., Ex. A, Cherylann Schwalbe Dep. at 34)

under the No Fault Act. Nurse Notes argues that it has yet to depose Allstate's adjusters to determine what Allstate's motivation was when it stopped paying Nurse Notes. Nurse Notes submitted various notices for depositions of certain individuals, which this Court assumes are the adjusters Nurse Notes sought to depose. (Plaintiff's Resp., Doc. 47, Ex. 11) The Amended Scheduling Order states that discovery was to be completed by December 8, 2011. Nothing on the docket indicates that Nurse Notes sought to compel the depositions of the adjusters Nurse Notes claims it needs to defend the summary judgment motion. Rule 56 provides that the court need consider only the cited materials. Fed. R. Civ. P. 56(c)(3). A nonmovant must show by affidavit the specific reasons it cannot present facts to justify its opposition. Fed. R. Civ. P. 56(d). Nurse Notes did not submit an affidavit that it could not present facts to justify its opposition to Allstate's summary judgment motion on the tortious interference of a business contract claim.

The Court finds that Allstate properly supported its summary judgment motion on the tortious interference of a business relationship claim. Nurse Notes has submitted no facts to support its opposition. The tortious interference claim must be dismissed.

### D.     Declaratory Relief (Count III)

The remaining count in Nurse Notes' Complaint is the Declaratory Relief claim in Count III of the Complaint. Allstate did not move to dismiss the Declaratory Relief claim. Since Nurse Notes initially filed the instant action before the State Court, it is unclear whether Nurse Notes sought to invoke this Court's jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. The Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading may declare the rights and other legal relationships of any interested party seeking such a declaration." 28 U.S.C. § 2201(a). The language of the Act

affords the district court discretion in determining whether and when to entertain an action under the Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites. *Travelers Indemnity Co. v. Bowling Green Professional Assoc.,* 495 F.3d 266, 271 (6th Cir. 2007). The Court must consider several factors to determine whether it will entertain a declaratory action. *Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 554 (6th Cir. 2008). Because Allstate has not moved to dismiss the declaratory relief claim in Count III of the Complaint, the Court will not address this claim.

**III.   CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Plaintiff/Counter-Defendant Nurse Notes' Motion to Dismiss and for Summary Judgment Allstate's Counter Complaint **(Doc. No. 24, filed 4/29/2011)** is MOOT, given the dismissal of the Counter Complaint.

IT IS FURTHER ORDERED that Defendant Allstate's Motion for Summary Judgment **(Doc. No. 27, filed 4/29/2011)** is GRANTED. Counts I (Breach of Contract) and II (Tortious Interference of a Business Relationship) are DISMISSED. Count III (Declaratory Relief) of Nurse Notes' Complaint remains.

IT IS FURTHER ORDERED that the Motion for Leave to File an *Amicus Curiae* Brief in **(Doc. No. 57, filed 6/21/2011)** is GRANTED.

IT IS FURTHER ORDERED that the Motion to Stay Pending Court's Decisions **(Doc. No. 68, filed 8/4/2011)** is MOOT.

IT IS FURTHER ORDERED that Plaintiff/Counter-Defendant Nurse Notes' Motion for Summary Judgment **(Doc. No. 75, filed 2/2/2012)** is MOOT, given the dismissal of the Counter Complaint. The hearing date set for this motion is set aside. All other dates in the September 27,

2011 Amended Scheduling Order remain.

                                      S/Denise Page Hood
                                      Denise Page Hood
                                      United States District Judge

Dated: March 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 21, 2012, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager